BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, Plaintiff and Appellant, *v.* ANTONIO TORRES, Defendant and Appellee.

No. 5484.   Argued February 3, 1933.—Decided June 24, 1933.

*Molina, Dubón & Ochoteco* for appellant.   *Felipe Colón* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Brockway Motor Truck Corporation of Porto Rico, plaintiff in an action on five promissory notes, appeals from a judgment of dismissal and says that the district court erred in dismissing the action because there was nothing to show that plaintiff, presumably a *bona fide* holder in due course,

was aware at the date of endorsement of any defect or condition affecting the validity of the said obligations.

The notes were the last of a series and at the time of endorsement represented the balance due on the conditional sale of "a Brockway truck, model S," by J. Octavio Seix & Co., Inc., November 28, 1927. From documentary evidence introduced by defendant it appears that J. Octavio Seix & Co., Inc., had been the exclusive agents in Puerto Rico of the Brockway Motor Truck Corporation, since January 8, 1927; and that the Brockway Motor Truck Corporation of P. R. is a subsidiary of the Brockway Motor Truck Corporation, owned and controlled by it, and organized for the purpose of exercising a closer supervision and control of the business conducted by J. Octavio Seix & Co., Inc., which continued to act "exclusively as a sales organization of the corporation so created, so as to facilitate the proper development of the business and allow the said J. Octavio Seix & Co., Inc., to devote all its efforts to the selling activities of Brockway products in this island." This documentary evidence considered in the light of all the testimony leaves little room for doubt that plaintiff, at the time the notes in question came into its possession, knew that they represented the deferred payment upon a motor truck or something of that sort sold by J. Octavio Seix & Co., Inc., as the agent of Brockway Motor Truck Corporation.

Another contention is that the district court erred in permitting defendant to introduce evidence of an agreement reached on March 18, 1929, concerning an alleged credit of $300 to be allowed on the indebtedness evidenced by the notes in question. The argument is that this evidence came as a surprise to plaintiff. This question of surprise came too late when raised for the first time at the close of the trial in opposition to a motion by defendant for leave to amend the answer in conformity with the evidence already introduced.

276

The third and fourth assignments are that the district court erred in relieving defendant from payment of the total amount of the notes in controversy, in the absence of anything to show that plaintiff, a holder in good faith and for a valuable consideration, had received that amount, and in dismissing this action in its entirety. In view of the conclusions already reached, these questions need not be separately discussed.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurs in the judgment.